IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

FILED

2012 MAY 29  P 4: 01

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

1:12mc21 (JCC/TRJ)

| | |
|---|---|
| ADOBE SYSTEMS, INC, | ) |
| Plaintiff and Counter-defendant, | ) |
| v. | ) Civil Action No. CV 11-02243-CW |
| WOWZA MEDIA SYSTEMS, INC., | ) **Action pending in the U.S. District Court for the Northern District of California** |
| Defendant and Counter-claimant. | ) |

## MEMORANDUM IN SUPPORT OF NON-PARTY ECHO360 INC.'S MOTION TO QUASH SUBPOENA ISSUED BY PLAINTIFF ADOBE SYSTEMS, INC.

Plaintiff Adobe Systems, Inc. ("Adobe") served a subpoena for documents on non-party Echo360 Inc. ("Echo360") for use in litigation between Adobe and Wowza Media Systems, Inc. ("Wowza"). Whereas the subpoena requests that Echo360 produce documents in Washington, D.C., the subpoena was issued from this Court. The subpoena is defective under Federal Rule of Civil Procedure 45(a)(2)(C) because it was not issued by the court where the production or inspection is to be made. Accordingly, the subpoena should be quashed.

### STATEMENT OF FACTS

Echo360 is an educational technology company that provides blended learning and lecture capture technologies to leading educational institutions across the world. On May 15, 2012, Adobe served Echo360 with a subpoena, which is attached as Exhibit A. The subpoena seeks documents relating to Wowza for use in a patent infringement action styled *Adobe Systems, Inc. v. Wowza Media Systems, Inc.*, Civil Action No. CV 11-02243-CW, currently pending in the U.S. District Court for the Northern District of California.

## ARGUMENT

The subpoena that Adobe served on Echo360 violates Rule 45(a)(2)(C) and should be quashed. Rule 45(a)(2)(C) provides that "a subpoena must issue . . . for production or inspection, if separate from a subpoena commanding a person's attendance, *from the court for the district where the production or inspection is to be made*." (Emphasis added.) Here, the subpoena was issued by this Court, but the subpoena requests that documents be produced at the offices of Latham & Watkins LLP in Washington, D.C. Because the subpoena was not issued by the court for the district where the production is to be made – the District of Columbia – the subpoena is defective and should be quashed.[1] *See* Fed. R. Civ. P. 45(a)(2)(C); *Doe I v. Paulie Walnuts*, No. 5:08MC00001, 2008 U.S. Dist. LEXIS 70986, at *4-5 (W.D. Va. Sept. 19, 2008) (where subpoena issued from the Western District of Virginia requested production of documents in the Eastern District of Virginia, court granted a motion to quash pursuant to Rule 45(a)(2)(C)).

## CONCLUSION

For the foregoing reasons, this Court should quash the subpoena.

May 29, 2012

Respectfully submitted,

Steven E. Robertson (VSB No. 78984)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
1200 Nineteenth Street, N.W., Suite 500
Washington, D.C. 20036
Telephone: (202) 857-4426
Fax: (202) 261-0086

---

[1] Echo reserves the right to object to a properly issued subpoena.

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2012, a true and correct copy of the foregoing document and any exhibits thereto was served by U.S. Mail on:

Charles P. Courtenay, Esq.
Richard E. Hatch, Esq.
Robert Steinberg, Esq.
Latham & Watkins LLP
355 South Grand Ave
Suite 100
Los Angeles, CA 90071-1560
*Counsel for Plaintiff and Counter-defendant*

Jennifer L. Barry, Esq.
Latham & Watkins LLP
600 W. Broadway
Suite 1800
San Diego, CA 92101
*Counsel for Plaintiff and Counter-defendant*

Martin C. Fliesler, Esq.
Joseph P. O'Malley, Esq.
Fliesler Meyer LLP
650 California Street
14th Floor
San Francisco, CA 94108
*Counsel for Defendant and Counter-claimant*

Christopher R. Freeman, Esq.
Barry F. Irvin, Esq.
Brent P. Ray, Esq.
Jamie H. Wicks, Esq.
Kirkland & Ellis LLP
300 N. LaSalle St.
Chicago, IL 60654
*Counsel for Defendant and Counter-claimant*

_____
Steven E. Robertson